## Commonwealth of Pennsylvania *v.* Hecker.

*Parent and child—Order of support—Act of June 25, 1895, P. L. 269—Evidence—Sufficiency.*

An order that the sons of an aged parent pay a certain weekly sum to the support of their mother is proper and will not be disturbed, where it appears that the sons are amply able to make the payments, and had already participated in the voluntary distribution of their mother's estate.

In such case, the fact that the mother had conveyed a certain property to a daughter, conditioned on her providing for her care and maintenance during her lifetime, cannot be used as a defense by the other children to evade their legal responsibilities.

Submitted October 15, 1923. Appeals, Nos. 71 and 72, April T., 1924, by defendants, from judgment of Q. S. Mercer Co., Jan. Sessions, 1923, No. 30, directing an order of support in the case of Commonwealth of Pennsylvania v. W. C. Hecker, and Orie Hecker. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Action under the provisions of the Act of June 25, 1895, P. L. 269, to compel the support of an aged parent. Before McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court made an order that the defendants should pay to their mother the sum of $3 a week, and give bond in the sum of $300 for the faithful performance of the order.   Defendants appealed.

*Error assigned* was the order of the court.

*J. A. Stranahan,* of *Stranahan & Sampson,* and with him *J. M. Hittle,* for appellants.

*L. R. Rickard,* District Attorney, and with him *R. M. Gilkey,* for appellee.

OPINION BY KELLER, J., November 19, 1923:

The court found upon sufficient evidence that Mrs. Mary A. Hecker, 65 years of age, the mother of these appellants is not of sufficient ability to maintain herself, and that the appellants are of sufficient ability to support her, besides caring for their own families; and ordered each of them to pay the sum of three dollars per week for her maintenance and support.

Defendants severally appeal from this order and set up as defense thereto the fact that in a conveyance of real estate from Mrs. Hecker to her daughter, Mrs. Carrie M. Stafford, made in 1914, the grantee covenanted to furnish her mother with board and maintenance, and provide and care for her, during her natural life.

It appears that on the death of her husband, in 1914, Mrs. Hecker made a gratuitous distribution of her own real estate among her three children.  She gave a house and lot to each of these appellants and conveyed to her daughter a larger dwelling, the home property, with a covenant in the deed to her daughter providing for her own care and maintenance as above mentioned; and since that time she has continuously lived with her daughter in the home thus conveyed to the latter.  Sub-

sequently, Mrs. Stafford's husband left her and at the time of the hearing, she was living with her seven-year-old son and her mother in the home property, renting part of the house to tenants and endeavoring, but unsuccessfully, to support the family comfortably from the rent thus received and what she was able to earn at outside labor. The court, in making the order against these appellants, stated that it took into consideration the fact that Mrs. Hecker was receiving some assistance from her daughter.

Mrs. Hecker is not complaining that her daughter is not fully complying with the covenant for her support contained in said deed; she has recognized the changed conditions in her daughter's circumstances and is not demanding a strict compliance with its provisions. But, if she were, it could only be secured by legal proceedings instituted by her, and in the meanwhile she must be supported for she is not physically able to maintain herself. The covenant is not such that it should be enforced against Mrs. Hecker's will, to the relief of these sons who have shared in the division of her estate and are amply able to pay the meager sums they are called upon to contribute to her support.

The order is affirmed at the costs of the appellants.